UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GLORIA J. LAMBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-620-SEB-VSS |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

Gloria J. Lambert ("Lambert") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I. BACKGROUND**

Lambert filed an application for SSI on November 9, 2000. Her application was denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on February 3, 2003. Lambert was present, accompanied by her attorney. Medical and other records were introduced into evidence, and Lambert, a medical expert and a vocational expert testified at the hearing. The ALJ issued a decision on February 28, 2003, denying benefits. On February 28, 2005, the Appeals Council denied Lambert's request for review, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Lambert had not performed substantial gainful activity since November 9, 2000, the date she applied for SSI; (2) the medical evidence established that Lambert had "severe" impairments, specifically musculoskeletal pain from rheumatoid or degenerative arthritis or other degenerative changes; (3) Lambert did not have an impairment or combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments; (4) Lambert's subjective complaints and allegation of total disability were not reasonably consistent with the underlying objective medical and other evidence; (5) Lambert had the residual functional capacity ("RFC") to perform sedentary work that does not require forceful gripping with her right hand; (6) Lambert could not perform her past relevant work; and (7) there were 874 jobs in various administrative support categories, 265 messenger/order taker jobs, and 127 cost and rate clerk jobs that Lambert could perform consistent with her RFC and vocational factors. With these findings in hand, and through the application of applicable rules, the ALJ concluded that Lambert was not disabled within the framework of Medical-Vocational Rule 201.25.

## II.  DISCUSSION

### A.  Applicable Law

To be eligible for SSI, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. § 416.908.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993).  "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B. Analysis

The ALJ determined that although Lambert had severe impairments consisting of musculoskeletal pain from rheumatoid or degenerative arthritis or other degenerative changes, she could still perform a significant number of sedentary jobs.  Lambert argues that the ALJ's decision is not supported by substantial evidence.

Lambert first contends that the ALJ failed to meet her burden of establishing that Lambert could perform a significant number of jobs at step five of the analysis.  Lambert asserts that the ALJ should have considered whether the jobs identified by the vocational expert were within a reasonable driving distance from Lambert's home in Indianapolis, Indiana. The applicable regulations, however, do not support such a position. 42 U.S.C. 423(d)(2)(A) provides that an individual is disabled if he cannot do his previous work and cannot

> engage in any other kind of substantial gainful work which exists in the national economy, *regardless of whether such work exists in the immediate area in which he lives*, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. 423(d)(2)(A) (emphasis added).

Although the Seventh Circuit stated in *Barrett v. Barnhart*, 368 F.3d 691 (7th Cir. 2004), that the test is whether there were jobs "in reasonable proximity to where she lives," it clarified that its intention was not to alter the statutory standard. *Id.* at 692.  Jobs which exist in an applicant's state, as opposed to within the national economy, are appropriately considered available jobs.  *Id.*  There is no requirement that jobs exist in the immediate area in which an applicant lives. *See* 20 C.F.R. § 416.966(s)(1) ("We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether– (1) Work exists in the immediate area in which you live;").  The ALJ's conclusion that Lambert could perform a significant number of jobs is supported by substantial evidence.

3

Lambert also contends that the ALJ misstated her testimony and thereby rendered an inaccurate assessment of her credibility. Specifically, she argues that the ALJ misstated that Lambert was able to sit for an unlimited amount of time. The ALJ actually stated that Lambert "has no trouble sitting." (R. at 14). This was based on Lambert's testimony at the hearing when asked whether she had any restrictions on her sitting. She responded "No, but my hip, my hip bothers me too." (R. at 314). Lambert also testified that she could not feel her feet if she sat too long, they became numb, and for that reason she did not risk driving. (R. at 316). Lambert testified that she spent most of her time sitting at home, watching television, waiting for her boyfriend to come home from work. (R. at 314-15). Sedentary work requires the ability to sit for approximately six hours in an eight hour day. *Diaz v. Chater,* 55 F.3d 300, 306 (7th Cir. 1995). Lambert's testimony is consistent with the ALJ's determination that she could perform some sedentary jobs.

Lambert also argues that the ALJ failed to give adequate weight to her complaints of fatigue. The ALJ relied on the medical expert's opinion that Lambert could perform sedentary work. (R. at 16). The medical expert testified that he considered Lambert's complaints of fatigue when he opined that she could perform sedentary work with limited amounts of standing and walking. (R. at 333). The ALJ acknowledged this testimony in his decision. (R. at 17) ("Dr. Giesel considered the claimant's complaints of fatigue when testifying about her RFC."). The court grants special deference to the credibility determination made by the ALJ and generally will not overturn an ALJ's credibility finding unless it is "patently wrong." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir.2001). The ALJ's assessment of Lambert's credibility is not patently wrong. The court must decline any invitation to resolve conflicts in or reweigh the evidence. *Diaz,* 55 F.3d at 305 ("We cannot substitute our own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled.").

In sum, in determining Lambert's eligibility for benefits, the ALJ applied the proper analytical methodology and fairly considered and weighed the evidence. The ALJ's decision was based on consideration of: (1) Lambert's age, education, and work history; (2) Lambert's history of diagnoses, treatment, medications, and evaluations; (3) Lambert's own account of her conditions, capabilities, limitations, symptoms and daily routine; and (4) the testimony of Lambert, a medical expert, and a vocational expert. There was no significant evidence, symptom, complaint, or issue which the ALJ's decision overlooked. Substantial evidence supports the ALJ's findings of fact and identification and assessment of Lambert's impairments, and there was no error of law in the manner in which the evidence was evaluated. The ALJ sufficiently articulated his assessment of the evidence to assure the court that he considered the important evidence and allow the court "to trace the path of [his] reasoning," *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (internal quotation omitted), and there was substantial evidence to support the ALJ's determination that Lambert was not disabled as defined in the Act.

## III.  CONCLUSION

There was no error in the assessment of Lambert's application for SSI. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error.  Under these circumstances, Lambert is not entitled to relief in this action.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date:  05/11/2006

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana